IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VERTIS JEROME ANTHONY, #282 673, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.       ) | CIVIL ACTION NO. 2:19-CV-110-MHT |
| ) | [WO] |
| NURSE FLOWERS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Bibb Correctional Facility in Brent, Alabama, brings this 42 U.S.C. § 1983 action against Defendants Warden Louis Boyd, Nurse Flowers, and Nurse Parker.[1] Plaintiff alleges that Defendants failed to provide him with adequate medical care during his incarceration at the Draper Correctional Facility in violation of his constitutional rights. Doc. He seeks injunctive relief and damages. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of Alabama on January 29, 2016. On review, that court found the complaint failed to adequately set forth Plaintiff's claims and directed him to file an amended complaint. Doc. 2. Plaintiff filed his amended complaint on March 29, 2016. Doc. 3. On March 13, 2017, the court in the Northern District entered an order adopting the December 14, 2016, Recommendation of the Magistrate Judge that Plaintiff's claims against some of the defendants be dismissed and that his Eighth Amendment claims against defendants Boyd, Flowers, and Parker be transferred to this court. Docs. 6, 11, 12. Plaintiff appealed the judgment on April 10, 2017. Doc. 14. On July 24, 2017, the Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction. Doc. 28. Subsequently, the United States District Court for the Northern District of Alabama transferred the amended complaint to this court on February 7, 2019.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION[3]

**A. Nurse Flowers**

Plaintiff complains Nurse Flowers stuck him with a dirty needle in November of 2013. Doc. 3 at 4. Plaintiff's amended complaint against Nurse Flowers is barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*). Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The conduct about which Plaintiff complains regarding Nurse Flowers occurred in November of 2013. By its express terms, the tolling provision of Alabama Code § 6-2-8(a) provides no basis for relief to Plaintiff from application of the time bar.[4] Thus, the statute of limitations began to run on the claim arising from the challenged conduct of Nurse Flowers in November of 2013. The limitations period for this event ran uninterrupted until it expired, at the

---

[3] As noted, this action is before the court on the amended complaint filed by Plaintiff on March 29, 2016. *See* Doc. 3. The court, however, considers January 14, 2016, as the filing date of the complaint. Although the Clerk stamped the original complaint "filed" on January 29, 2016, Plaintiff signed his complaint on January 14, 2016. Doc. 1. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993).

[4] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane...." Alabama Code § 6-2-8(a). The amended complaint demonstrates that Plaintiff was not legally insane at the time of the challenged events so as to warrant tolling under Alabama Code § 6-2-8(a).

latest, on November 30, 2015. Plaintiff filed the instant complaint on January 14, 2016, after expiration of the applicable limitation periods.

The statute of limitations is usually raised as an affirmative defense. In a § 1983 action filed by a plaintiff proceeding *in forma pauperis*, the court may *sua sponte* consider affirmative defenses apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990) ("[I]n an action proceeding under section 1915(d) [—the *in forma pauperis* statute now codified as § 1915(e)(2)(B)(i)—], [a court] may consider, *sua sponte,* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the district court. In so doing, [the court is] following consistently the special treatment given to section 1915(e) suits."). Consequently, with respect to a complaint filed *in forma pauperis,* "if the district court sees that an affirmative defense would defeat the action, a section 1915(d) dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at 640 n.2 (citing *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1330-1332 (D.C. Oregon 1983)).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

3

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the complaint, Plaintiff has no legal basis on which to proceed regarding his challenge to the conduct of Nurse Flowers because he filed this cause of action over two years after the challenged action occurred. As noted, the statutory tolling provision is unavailing. Consequently, the two-year period of limitations applicable to Plaintiff's claim against Nurse Flowers expired prior to his filing of this action. In light of the foregoing, the court concludes that the Plaintiff's Eighth Amendment claim against Defendant Flowers s is barred by the statute of limitations. Plaintiff's claims against this individual is, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**B.     Warden Boyd and Nurse Parker**

Plaintiff complains Warden Boyd ignored his medical requests and letter requesting medical attention in 2014 and disregarded a medical transfer. He claims Nurse Parker discontinued medication and/or exchanged a prescription with another prescription which caused "conditions" to come back in July of 2014. Doc. 3 at 4–5.

Plaintiff seeks to hold Defendants Boyd and Parker liable under the Eighth Amendment for a denial of adequate medical care regarding the actions alleged in his amended complaint. In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court determined that "deliberate indifference to the serious medical needs of prisoners" violates the Eighth Amendment. "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009).

Deliberate indifference requires the defendants have subjective knowledge of the risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence or a failure to act reasonably is not enough. *Estelle*, 429 U.S. 105-06. Defendants must have the subjective intent to cause harm. *Id.* at 104. Whether Plaintiff received the treatment he felt he should have is not the issue. *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a § 1983 cause of action. *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir.1985) (quotation marks and citations omitted). ("[W]here a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law."). Negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Mandel v. Doe*, 888 F.2d 783, 787-88 (11th Cir. 1989) (mere negligence or medical malpractice "not sufficient" to constitute deliberate indifference); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("Mere medical malpractice . . . does not constitute deliberate indifference"); *Brinton v. Gaffney*, 554 F. Supp. 388, 389 (E.D. Pa. 1983) (A § 1983 claim "does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received . . ., even if that treatment is so negligent as to amount to medical malpractice."); *see also Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (absent a reason to believe, or actual knowledge, that medical staff is administering inadequate medical care, non-medical prison personnel are not chargeable with the Eighth Amendment scienter requirement of deliberate indifference); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."). Consequently,

in order to state an Eighth Amendment claim, Plaintiff must show he suffered from an objectively serious medical need and Defendants Boyd and Parker were subjectively indifferent to that need.

Assuming, *arguendo,* Plaintiff suffered from an objectively serious medical condition during the relevant time period, he has failed to allege facts which support the subjective component of an Eighth Amendment claim. Despite being granted an opportunity to file an amended complaint which clearly set forth facts regarding the incidents about which he complains, Plaintiff' amended complaint fails to allege any facts which indicate how Defendants Boyd or Parker acted intentionally or recklessly to deny or delay medical care or how these Defendants acted with "an attitude of deliberate indifference" towards his medical problems. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).  No facts have been alleged which indicate that Defendants Boyd's or Parker's conduct exposed Plaintiff to a serious risk of harm or that they in any way disregarded a substantial risk to his health.   While Plaintiff complains in general about a denial of adequate or appropriate medical care,  to assert a constitutional claim he must present "at least some allegation of a conscious or callous indifference" by Defendants. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). To the extent Plaintiff claims that Defendants "should have perceived" a risk of harm to him but did not" is unavailing as ". . . the failure to alleviate a significant risk that [the official] should have perceived, but did not," is insufficient to show deliberate indifference." *Farmer*, 825 U.S. at 838.

Here, Plaintiff alleges no facts which indicate that Defendants Boyd and Parker had actual knowledge or awareness of an obvious risk to his serious medical needs and failed to take steps to abate that risk or that they disregarded a substantial risk to his health.   Plaintiff's dissatisfaction with Defendants Boyd and Parker regarding the conduct alleged in the amended complaint and his belief that he did not receive a proper course of treatment, without more, fails to state a violation

of his constitutional rights. *See Hamm*, 774 F.2d at 1574; *Waldrop*, 871 F.2d at 1033; *see also Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation).

In light of the foregoing, the court concludes that Plaintiff's amended complaint against Defendants Boyd and Parker is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted under the Eighth Amendment.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Flowers be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff failed to file this action within the time prescribed by the applicable statute of limitations;

2. Plaintiff's § 1983 claim of inadequate medical care against Defendants Boyd and Parker be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted;

3. Plaintiff's amended complaint be DISMISSED without prejudice to any state law claims for negligence and/or medical malpractice;

4. This complaint be DISMISSED prior to service of process.

It is further

ORDERED that **on or before March 12, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 26th day of February, 2019.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE